† INHABITANTS OF FOXCROFT *versus* CROOKER.

Chap. 211 of statutes of 1851, authorized the selectmen of towns to appoint an agent to sell intoxicating liquors, for medicinal and mechanical purposes only, who was to have a certificate of his appointment upon his giving the bond required by that Act.

Where a town, under this Act, institutes a suit to recover the value of liquors sold by such agent, it is essential that they show by legal evidence, that he was in fact, the agent alleged.

Without proof that the bond required by law was given and the certificate delivered, that relation is not established.

On REPORT from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT, to recover $600, for liquors alleged to be sold by defendant, as the agent of plaintiffs. The writ also contained a count for money had and received, and was dated in July, 1854.

The general issue was pleaded.

Plaintiffs to support their action introduced extracts from the records of the selectmen of Foxcroft, as follows: —

"May 28, 1853.

"The selectmen appointed Wm. Paine the agent to sell intoxicating liquors for medicinal and mechanical purposes in said town.          Attest, C. P. Chandler, Chairman."

"August 13, 1853.

"Wm. Paine having resigned the liquor agency, the selectmen appointed O. B. Crooker in his place, who gave bonds according to law.          Attest, C. P. Chandler, Chairman."

The plaintiffs called C. P. Chandler, who testified, subject to objections from defendant, that the selectmen appointed defendant as agent, gave him a written appointment, and he gave a bond — that under their direction he was furnished with liquors, and the amount unaccounted for was $218,00, and that the selectmen had demanded all the funds in his hands.

There was evidence as to direction for what prices the liquors should be sold. Mr. Hazelton, another of the selectmen, testified to instructions given defendant, that he received the liquors as property of the town; that they had attempted to settle with him, and defendant offered a smaller sum than was due. He also testified, that defendant was appointed agent.

All the evidence was subject to legal objections, and the Court were authorized to render judgment by nonsuit or default, drawing inferences as a jury might.

*S. H. Blake* and *A. M. Robinson*, for defendant, maintained, that plaintiffs' remedy was upon the bond and not in this form of action, and if in this form of action, then they had not proved that defendant was an agent. The testimony on this point was clearly inadmissible.

*J. H. Rice*, for plaintiffs, argued, that the facts testified to, showed that defendant had plaintiffs' money, and under the count for money had and received, they were legally entitled to recover in this action.

It was an equitable action and lies in cases to recover money which ought not in justice to be retained. Chitty on Cont., 601, 605, 620; *Ford, Treasurer*, v. *Clough & al.*, 8 Greenl. 334; *John, Treas.*, v. *Goodridge*, 15 Maine, 29.

It was not necessary to prove defendant's agency. 1 Greenl. Ev. § 92. Nor was it necessary to prove payments in money to defendant. Chitty on Cont. 109; *Hathaway* v. *Burr*, 21 Maine, 567.

APPLETON, J. — To sustain this action, it must appear that the defendant was the agent of the plaintiffs, duly ap-

pointed in accordance with the provision of the Act of June 2, 1851, c. 211, § 2, 3. The plaintiffs claiming this relation to exist, the burthen is on them to establish its existence. To constitute the defendant an agent, it must be shown, that the requisite bonds have been given, and that the defendant has received a certificate of his appointment from the proper authorities.

The original certificate is not in the case, nor was the defendant notified to produce it. The copy of the record of the proceedings of the selectmen is attested by the chairman, who is not a recording officer, and his attestation is not the proper verification of a record. There is no legal evidence that the defendant has ever received the certificate which the statute directs to be given to the agent.

The bond given to the plaintiffs was not produced, and no reason was offered to excuse its non-production. Without its production, we cannot know whether it is such as the statute requires, as a prerequisite to the giving of the certificate.

The plaintiffs failing to prove the defendant to have been their agent, cannot, upon the proof before us, maintain this action.          *Plaintiffs nonsuit.*